**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIKA JACOBS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-918** |
| **v.** | : | **(JUDGE MANNION)** |
| **GEISINGER WYOMING VALLEY** | : | |
| **MEDICAL CENTER,** | : | |
| **Defendant** | : | |
| | : | |

**O R D E R**

Pending before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., which recommends that the defendant's motion to dismiss (Doc. 14) be granted and the plaintiff's complaint (Doc. 1) be dismissed for lack of subject matter jurisdiction (Doc. 22). Also pending is a document filed by the plaintiff titled as a notice of appeal. (Doc. 24).

By way of relevant background, the plaintiff filed the instant action on May 20, 2021, and the matter was initially assigned to Judge Saporito. On May 30, 2021, the parties were sent a consent form for cases in which a magistrate judge is initially assigned pursuant to Standing Order 2021-08. (Doc. 12, Doc. 13). The plaintiff signed the form on June 28, 2021, indicating that she did not consent to proceed before the assigned magistrate judge (Doc. 24, Ex. A). Afterwards, on July 6, 2021, there was a verbal order

reassigning the case to the undersigned for ultimate disposition and referring the matter to Judge Saporito pursuant to 28 U.S.C. §§636(b)(1) for any pretrial matters.

On July 20, 2021, the defendant filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction (Doc. 14). On November 8, 2021, in accordance with 28 U.S.C. §636(b)(1)(C), Judge Saporito issued a report for the undersigned's consideration recommending that the defendant's motion to dismiss be granted. (Doc. 22). In doing so, Judge Saporito indicated that the plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. §1332, which applies to civil actions between citizens of different states and where the amount in controversy exceeds $75,000. While there appears to be no dispute that plaintiff and defendant are citizens of different states, the plaintiff a citizen of Colorado and the defendant a citizen of Pennsylvania, Judge Saporito found that the amount in controversy does not exceed the diversity threshold of $75,000, as the plaintiff asserts damages in an amount totaling $20,161.78. As such, he recommends that the action be dismissed on this basis.

Moreover, Judge Saporito indicated the plaintiff apparently also attempts to assert subject matter jurisdiction under 28 U.S.C. §1331. In doing so, the plaintiff references 28 U.S.C. §4101, a statute concerning the

recognition of foreign defamation judgments, and 41 U.S.C. §§7101, 7102, statutes that relate to disputes arising out of federal government contracts. Judge Saporito found neither statute applicable in the instant action and recommends dismissal on this basis as well.

Attached to the report was a notice informing the plaintiff that she had the right to file objections to the report within fourteen (14) days after being served with a copy of the report. Any objections were to specifically identify the portions of the report to which she objected and the basis of the objections.

On December 7, 2021, rather than filing objections, the plaintiff filed the instant "appeal." In her filing, the plaintiff indicates that she did not receive Judge Saporito's report in a timely manner. While the report is dated November 8, 2021, the plaintiff provides that she did not receive it until "a couple days before Thanksgiving." In any event, the plaintiff argues that she did not consent to the jurisdiction of the magistrate judge and challenges his "judgement."[1] In a most summary fashion, she further argues that her complaint has merit. The plaintiff does not, however, in any way challenge

---

[1] The court notes that Judge Saporito has not entered a judgment, but rather, has made a report to the undersigned recommending a disposition for this matter in accordance with the provisions of 28 U.S.C. §636.

Judge Saporito's finding that this court lacks subject matter jurisdiction over her claims.

Where no substantive objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As indicated above, although given the opportunity, the plaintiff failed to file objections to Judge Saporito's report finding that this court lacks subject matter jurisdiction over her claims. Upon review of the report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Saporito to his conclusions. As such, the court will adopt the report and recommendation in its entirety.

- 4 -

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's document filed as a notice of appeal **(Doc. 24)**

is **DISMISSED**.

**(2)** The report and recommendation of Judge Saporito **(Doc. 22)**

is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(3)** Defendant's motion to dismiss the plaintiff's complaint **(Doc.**

**14)** is **GRANTED**.

**(4)** The plaintiff's complaint **(Doc. 1)** is **DISMISSED** for lack of

subject matter jurisdiction.

**(5)** The Clerk of Court is directed to **CLOSE THIS CASE**.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 9, 2021**
21-918-02